UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**       'O'

| Case No. | 2:19-CR-00229-CAS-1 | Date | October 7, 2020 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Kevin Butler, Not Present<br>Patrick Castandeda, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder, Tape No.* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RICKEY LEWIS | NOT | X | | JULIA DEIXLER<br>ADAM OLIN | NOT<br>NOT | X<br>X | |

**Proceedings:** (IN CHAMBERS) - GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(B) AND/OR 609 (Dkt. 30, filed October 11, 2019)

GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AN ALIBI DEFENSE (Dkt. 31, filed October 11, 2019)

## I.   INTRODUCTION AND BACKGROUND

On April 6, 2019, a grand jury indicted defendant Rickey Lewis on three counts of bank robbery and one count of attempted bank robbery pursuant to 18 U.S.C. § 2113(a). Dkt. 10 ("Indictment") at 1–3. The government alleges that, over the course of five days in January 2019, Lewis robbed or attempted to rob four banks in Los Angeles County. Id. At the time of the alleged bank robberies and attempt at issue here, Lewis was on supervised release after serving a 151-month prison sentence for six previous counts of bank robbery and attempted bank robbery that took place in 2005. Dkt. 1 ("Complaint" or "Compl.") at 3–23; Indictment at 1–3. The government alleges that, as with the 2005 bank robberies, Lewis entered each bank alone, demanded money and threatened to shoot bank tellers and bystanders, but never displayed a weapon. Id. Lewis entered not guilty pleas to all counts as charged. See Dkt. 16. Trial is set before this Court for November 12, 2019. See Dkt. 29.

Before the Court are two motions in limine filed by the government on October 11, 2019. See Dkts. 30 ("MIL 1"), 31 ("MIL 2"). Lewis filed an opposition on October 21, 2019 to MIL 1. See Dkt. 34 ("MIL 1 Opp."). Lewis does not oppose MIL 2. On October 6, 2020, the Court held a hearing on the motions. Having considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**          'O'

## II.  LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010).  The "failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." Bullard v. Wastequip Mfg. Co. LLC, No. 14-CV-01309-MMM (SSx), 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015).

"Trial courts have broad discretion when ruling on motions in limine." Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., No. 2:16-CV-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017).  Such rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 (2000).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Matrix Int'l Textile, 2017 WL 2929377, at *1 (citation omitted).

## III.  DISCUSSION

The government moves to admit evidence of Lewis' prior bank robberies pursuant to Federal Rules of Evidence 404(b) and/or 609, see MIL 1, and to exclude evidence of an alibi defense pursuant to Federal Rule of Criminal Procedure 12.1(e), see MIL 2.  Each motion is discussed below in turn.

### A. Motion to Admit Evidence of Prior Bank Robberies

#### 1. Rule 404(b)

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" in question.  Fed. R. Evid. 404(b)(1).  However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Courts accordingly "'admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.'"  United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005) (quoting United States v. Verduzco, 373 F.3d 1022, 1027 (9th Cir. 2004)).  "[T]he district court is accorded wide discretion" in the application of these criteria, "and the test for admissibility is one of relevance." United States v. Johnson, 132 F.3d 1279, 1282 (9th Cir. 1997).  And even if the prior bad acts

evidence is determined to be relevant, the evidence may still be excluded if the "probative value of the prior act evidence" is "substantially outweighed by its prejudicial effect." Id. at 1283–84 (citing Fed. R. Evid. 403).

The government contends that evidence of Lewis' prior bank robbery convictions satisfy each of the four relevance conditions set forth by the Ninth Circuit, and is not substantially more prejudicial than it is probative. MIL 1 at 6–14. The Court agrees. As to the first relevance criterion, Lewis' prior bank robbery convictions are probative of a "material point" since they relate to, and may tend to prove, Lewis' intent, planning, and preparation. For example, in United States v. Nelson, 137 F.3d 1094 (9th Cir. 1998)—another case involving alleged bank robbery—the Ninth Circuit affirmed the admission of evidence of the defendant's involvement in a related bank robbery because "[t]he evidence showed that Nelson planned and prepared the Tualatin robbery similarly to the San Diego robbery" charged. Id. at 1107. Specifically, the evidence showed that the defendant employed similar tactics to rob banks in the past as the government charged he employed to identify and rob the banks pertinent to the charges then before the court. Id. That is precisely for what the government seeks to introduce the evidence here.

Lewis argues that "[t]he 'points of similarity' between Mr. Lewis' prior convictions and the conduct alleged in the present case are . . . 'so common to most bank robberies as to be entirely unhelpful.'" MIL 1 Opp. at 4 (quoting United States v. Perkins, 937 F.2d 1397, 1401 (9th Cir. 1991)). However, as the government argued at the October 6, 2020 hearing, the fact of the spree itself is probative. Furthermore, in both cases, Lewis is alleged to have entered large commercial banks alone, demanded money, and threatened to shoot bank tellers despite not displaying a weapon. The Ninth Circuit has held that these kinds of common tactics—acting alone or with coconspirators, using a firearm or not, targeting a certain kind of bank, and targeting multiple banks in short succession or a single bank—are enough to conclude that prior bank robberies are "sufficiently similar," and therefore admissible. See, e.g., Nelson, 137 F.3d at 1107 (holding that prior acts were "sufficiently similar to show Nelson's knowledge, intent, planning, and preparation" where "[b]oth robberies involved Nelson as the leader," "involved instructing the same individual to provide rental cars," "involved guns," and "involved attempts to sell the stolen jewelry after the robbery").

Second, the prior convictions are not too remote in time. The Ninth Circuit "has not identified a particular number of years after which past conduct becomes too remote." Johnson, 132 F.3d at 1283. Courts in this circuit instead tend to consider "the theory of admissibility and the similarity of the acts" to determine whether there is sufficiently strong nexus to warrant admission. Id. (quoting United States v. Spillone, 848 F.2d 514, 519 (9th Cir. 1989)). Evidence of bad acts from thirteen years prior has accordingly been admitted pursuant to Rule 404(b)(2) where there is sufficient similarity. See, e.g., Vo, 413 F.3d at 1018–19 (holding 13-year-old prior offense "sufficiently similar to the charged conduct" to warrant admission because it was "probative despite the passage of time"); Johnson, 132 F.3d at 1283 (affirming admission of 13-

year-old prior offense). As discussed above, the acts charged here are sufficiently similar to the acts for which Lewis was previously convicted, and thus warrant admission despite the length of time between the acts.

Third, there is sufficient evidence to demonstrate that Lewis committed the prior bank robberies because Lewis in fact pled guilty to those robberies. See Vo, 413 F.3d at 1019 (holding that "there is no issue about the sufficiency of evidence of the prior bad act because Vo was convicted"). And fourth, for the same reasons discussed above, the prior bank robberies are "similar enough to be probative of intent," which is sufficient to satisfy the final relevance criterion. Johnson, 132 F.3d at 1282; see also United States v. Corona, 34 F.3d 876, 882 (9th Cir. 1994) (holding fourth element satisfied where prior bad act is "one which would tend to make the existence of the defendant's [state of mind] more probable than it would be without the evidence").

The question is thus whether the evidence is substantially more prejudicial than probative. "Under Rule 403," evidence otherwise admissible by Rule 404(b) "can be excluded if the prejudicial impact substantially outweighs its probative value." Nelson, 137 F.3d at 1107. Here, Lewis argues that admitting evidence of his prior conviction would unfairly prejudice the jury against him by inviting an improper inference that Lewis committed *these* bank robberies based on his having pled guilty to the prior bank robberies. See MIL 1 Opp. at 6–7. But that concern can be addressed by a limiting instruction, and is thus not, by itself, sufficient to exclude otherwise relevant evidence, particularly in light of the Ninth Circuit's recognition that Rule 404(b) "is one of inclusion," notwithstanding "its requirements." United States v. Iverson, 162 F.3d 1015, 1026 (9th Cir. 1998); see Nelson, 137 F.3d at 1107 (holding district court did not abuse its discretion by admitting otherwise relevant Rule 404(b)(2) evidence over Rule 403 objection where "the district court gave detailed limiting instructions in order to curtail any unfair prejudice that Nelson might suffer").

The government's motion to admit the prior convictions pursuant to Rule 404(b)(2) is accordingly **GRANTED**. The parties are further directed to propose a limiting instruction to the Court to the effect that the jury should not consider the prior acts evidence as evidence that Lewis in fact committed the presently charged bank robberies, but only as evidence of Lewis' state of mind.

### 2. Rule 609

The government also moves to admit the prior conviction evidence as impeachment evidence pursuant to Rule 609(a)(1)(B). The rule states that "evidence of a criminal conviction for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, … must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). To determine whether evidence is admissible pursuant to this rule, courts in

the Ninth Circuit weigh the five Cook factors: "(1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue." United States v. Martinez-Martinez, 369 F.3d 1076, 1088 (9th Cir. 2004) (citing United States v. Cook, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc)). Even though bank robbery is not a crime of dishonesty *per se*, see United States v. Brackeen, 969 F.2d 827, 830 (9th Cir. 1992) (en banc), the Court finds and concludes that all five factors support admission.

First, the impeachment value of the prior crime is high. See United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995) (holding "prior convictions for robbery are probative of veracity"). Second, Rule 609 permits the admission of prior convictions "even where the defendant has been released for up to ten years." United States v. Browne, 829 F.2d 760, 763 (9th Cir. 1987). Here, Lewis had been released for less than three years at the time of the charged robberies. Third, the Ninth Circuit has admitted prior bank robbery convictions in bank robbery cases. See, e.g., Cook, 608 F.2d at 1187; Browne, 829 F.2d at 763–64. Moreover, and as noted above, the Court can mitigate any prejudice from the similarity of the offenses through the limiting instruction it has asked the parties to provide. As for the fourth and fifth factors, in the event Lewis takes the stand, he will place his credibility directly at issue, and his testimony denying the charges will be among the most important elicited before the jury. See, e.g., Alexander, 48 F.3d at 1489 (holding Cook factors satisfied in these circumstances).

For the foregoing reasons, the Court finds and concludes that the Cook factors are satisfied, and the government's motion in limine to admit the prior conviction evidence for impeachment purposes pursuant to Rule 609 is **GRANTED**.

**B. Motion to Exclude Alibi Defense**

The government's second motion in limine requests an order pursuant to Federal Rule of Criminal Procedure 12.1(e) precluding Lewis from raising an alibi defense at trial.[1] See MIL 2

---

[1] Rule 12.1(a)(2) requires a criminal defendant to provide written notice of an intended alibi defense to the government within 14 days upon receiving a written request from the government for such notice. Failure to comply with these notice requirements is grounds to exclude any undisclosed alibi evidence from trial. See Fed. R. Evid. 12.1(e). The Ninth Circuit has consistently affirmed the exclusion of alibi evidence where it is not timely or properly disclosed. See United States v. Henderson, 241 F.3d 638, 650 (9th Cir. 2000) (affirming exclusion of alibi evidence where defendant "failed to follow" Rule 12.1 in order to prevent the defendant from "gain[ing] a tactical advantage that would minimize the effectiveness of cross-examination, and the ability of the government to present rebuttal evidence"); United States v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**         **'O'**

at 2–5.  Lewis did not file an opposition, and conceded, at the Court's October 6, 2020 hearing, that he would not offer an alibi defense and therefore did not oppose the motion.  The Court accordingly **GRANTS** the government's second motion in limine.  Lewis shall not be permitted to present an alibi defense at trial.

IV.   CONCLUSION

For the foregoing reasons, the governments' first and second motions in limine are **GRANTED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |

---

Barron, 575 F.2d 752, 757 (9th Cir. 1978) (affirming exclusion of improperly withheld alibi evidence in bank robbery case even when notice was provided only one day late).